UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LELAH JERGER and JADE JERGER, on their own behalf and on behalf of their minor child, J.J. | ) ) ) ) |
| Plaintiffs, | ) Cause No. 3:18-cv-00030-RLY-MPB ) |
| v. | ) ) |
| SHANNON BLAIZE and ALLICYN GARRETT, in their individual capacities, | ) ) ) |
| Defendants. | ) |

## **DEFENDANTS' MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, because Plaintiffs Lelah Jerger and Jade Jerger voluntarily complied with DCS requests relating to their daughter J.J.'s medical care, because Defendants Shannon Blaize and Allicyn Garrett had reasonable suspicion to act, and because none of their acts violated any clearly established rights, Defendants, by counsel, respectfully request the Court enter summary judgment on all claims in the *Complaint for Damages* [Dkt. 1]. In support of this motion, Defendants state the following:

1. In September 2017, the Jergers voluntarily complied with the following DCS requests:

   a. J.J. have blood drawn to confirm the use of Keppra as prescribed;

   b. The Jergers continue administering Keppra to J.J. as prescribed; and

   c. J.J. submit to a video EEG following increased seizure activity as urged by J.J.'s medical providers.

2. Despite giving their consent, the Jergers have sued DCS employees Shannon Blaize and Allicyn Garrett pursuant to 42 U.S.C. § 1983 alleging that:

a. The blood draw "represented a non-consensual search and seizure [in violation of] the Fourth Amendment;"

b. Administering Keppra to J.J. "represents an infringement into the Jergers' fundamental familial relationship and, as such, violated the Due Process Clause of the Fourteenth Amendment; and

c. The video EEG "represents an infringement into the Jergers' fundamental familial relationship and, as such, violated the Due Process Clause of the Fourteenth Amendment. . . ."

(Compl. ¶¶ 56-58) [Dkt. 1].

3. The Jergers' voluntary consent to each DCS' requests defeats their claims that their constitutional rights were violated by Ms. Blaize or Ms. Garrett. *E.g.*, *Michael C. v. Gresbach*, 526 F.3d 1008, 1015 (7th Cir. 2008) ("A consensual search is manifestly reasonable under the Fourth Amendment as long as it remains within the scope of consent.") *See also Brokaw v. Mercer County*, 235 F.3d 1000, 1017 (7th Cir. 2000) ("substantive due process should not be called upon when a specific constitutional provision protects the right allegedly infringed upon").

4. In addition, Defendants had reasonable suspicion to act, based on the information they received. *See Hernandez*, 657 F.3d at 478 ("[C]aseworkers must have 'some definite and articulable evidence giving rise to a reasonable suspicion' of past or imminent danger of abuse before they may take a child into protective custody.") (quoting *Brokaw v. Mercer County*, 235 F.3d 1000, 1019 (7th Cir. 2000)).

5. Even if one or more of DCS' requests violated the Jergers (or J.J.'s) constitutional rights, however, Ms. Blaize and Ms. Garrett are entitled to qualified immunity because the Jergers claims to not involve clearly established constitutional rights. *E.g.*, *Green v. Newport*, 868 F.3d 629, 633 (7th Cir. 2017) ("The plaintiff bears the burden of demonstrating that a right was clearly established at the time the alleged violation occurred.").

6. As there is no genuine dispute of material fact as to these claims, and the Defendant is entitled to judgment on these claims as a matter of law, the Court should enter summary judgment on all claims. Fed. R. Civ. P. 56.

7. In support of their Motion for Summary Judgment, Defendant simultaneously files its *Brief in Support of Defendant's Motion for Summary Judgment* and their *Designation of Evidence in Support of Defendant's Motion for Summary Judgment*.

WHEREFORE, for the reasons set forth here and more fully in the accompanying brief, Defendants Shannon Blaize and Allicyn Garrett respectfully request this Court to enter summary judgment on all of Plaintiffs' claims against them.

Respectfully submitted,

Benjamin C. Ellis
Deputy Attorney General
Attorney No. 28544-49

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 234-5393
Fax: (317) 232-7979
Email: Benjamin.Ellis@atg.in.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                        Benjamin C. Ellis
                                        Deputy Attorney General
                                        Attorney No. 28544-49

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 234-5393
Fax:   (317) 232-7979
Email: Benjamin.Ellis@atg.in.gov